UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81631-CIV-MARRA

RONALD LAWRENCE,

     Plaintiff,

vs.

JP MORGAN CHASE BANK, N.A.,

     Defendant.

_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendant's, JP Morgan Chase Bank, N.A.,

Motion to Dismiss/Stay Amended Complaint.  (DE 12).  Plaintiff's response was due on March

31, 2011, but he failed to file one.  On April 21, 2011, the Court issued an Order to Show Cause

(DE 13) directing Plaintiff to show cause why the Court should not grant Defendant's Motion to

Dismiss/Stay Amended Complaint.  Plaintiff was given ten days to respond.  To date, no

response to the Order has been filed.  The Court has carefully considered the motion and is

otherwise fully advised in the premises.

**Background**

In 2008, Defendant filed a complaint for foreclosure against Plaintiff, case number

02008CA24788XXXXMB, in the Fifteenth Judicial Circuit in and for Palm Beach County,

Florida.  See DE 12.  On December 28, 2010, Plaintiff Ronald Lawrence, filed a complaint

against Defendant in this Court, alleging causes of action for fraud, fraud in the factum, non-

1

disclosure of material facts, and mail fraud.  (DE 1). The Court *sua sponte* issued an Order to Show Cause why the Complaint should not be dismissed for lack of general jurisdiction.  (DE 5). Plaintiff responded to the Order to Show Cause (DE 8), and the Court issued an Order of Dismissal without Prejudice because Plaintiff's response failed to establish why the Complaint should not be dismissed for lack of subject matter jurisdiction. (DE 10).

Plaintiff then filed an Amended Complaint alleging declaratory relief against Defendant. (DE 11).  In the "Statement of Jurisdiction," Plaintiff seeks "declaratory and injunctive relief." (DE 11).  Plaintiff also specifically requests that the Court declare that "Defendant CHASE has no legal or equitable rights in the Note or Mortgage for purposes of foreclosure and that said Defendant has no legal standing to institute or maintain foreclosure on the property."  (DE 11).

Defendant filed a Motion to Dismiss/Stay Amended Complaint primarily arguing that the Amended Complaint fails to state a cause of action and is an improper attack on a pending matter in Florida state court. (DE 12).  Defendant cites 28 U.S.C. § 2283, the Anti-Injunction Act, to support its position.

**<u>Discussion</u>**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  When considering a motion to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff."  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal

quotation marks omitted).

The Anti-Injunction Act, 28 U.S.C. § 2283 states, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." In the Amended Complaint, Plaintiff requests injunctive relief in violation of this statute. Moreover, courts have interpreted the Anti-Injunction Act also to "prohibit declaratory judgments which, though not enjoining the state proceeding, would decide and preempt the matter pending there." *Thiokol Chem. Corp. v. Burlington Indus., Inc.*, 448 F.2d 1328, 1332 (3rd Cir. 1971); *see also Texas Empl'rs Ins. Ass'n v. Jackson*, 862 F.2d 491, 505-506 (5th Cir. 1988). In this case, Plaintiff is requesting that the Court declare that Defendant "has no legal or equitable rights in the Note or Mortgage for purposes of foreclosure and that said Defendant has no legal standing to institute or maintain foreclosure on the property." In effect, Plaintiff is asking the Court to decide and preempt a matter pending in state court. Thus, Plaintiff is seeking relief which is prohibited by the Anti-Injunction Act. As a result, the Amended Complaint must be dismissed.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant's, JP

Morgan Chase Bank, N.A., Motion to Dismiss/Stay Amended Complaint (DE 12) is hereby

**GRANTED**.  Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.  The Clerk

shall **CLOSE** this case.  All pending motions are denied as moot.

   **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 25th day of May, 2011.

           _____
           KENNETH A. MARRA
           United States District Judge

Copies to:
Counsel of record

4